TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture & Recovery Section
JAMES E. DOCHTERMAN (Cal. Bar No. 256396)
Assistant United States Attorney
Asset Forfeiture and Recovery Section
        1100 United States Courthouse
        312 N. Spring Street
        Los Angeles, California 90012
        Telephone:   (213) 894-2686
        Facsimile:   (213) 894-6269
        E-mail: James.Dochterman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE SEIZURE OF $98,700 IN U.S. CURRENCY | CR. NO. 2:26-cr-00134-AH<br><br>**EX PARTE APPLICATION FOR ORDER ALLOWING THE UNITED STATES TO MAINTAIN CUSTODY OF SEIZED PROPERTY PURSUANT TO 18 U.S.C. § 983(a)(3)(B)(ii)(II)**<br><br>[PROPOSED] ORDER LODGED HEREIN |

The United States of America, by its attorneys, Bilal A. Essayli, First Assistant United States Attorney, and James E. Dochterman, Assistant United States Attorney, hereby moves for an order allowing the government to maintain custody of property already in the government's possession for possible forfeiture in this criminal case. In support of its *ex parte* application, the United States submits as follows:

1.      In and around November 2023, Homeland Security Investigations ("HSI")

Los Angeles received information from the United States Attorney's Office regarding a TV streaming service called The Clay Code Media Player ("TCCMP"). TCCMP is a pay-by-month pirate TV streaming service that claims to provide streamed content to various devices for a $69.97 monthly subscription fee. This company is owned and operated by Clayton Sampson and his wife Elisha Sampson.

2.    On or about May 7, 2025, the Honorable Rozella Oliver, United States Magistrate Judge for the Central District of California, granted a search warrant (2:25-MJ-02708) authorizing law enforcement investigators to search Clayton Sampson and Elisha Sampson's residence located at 11064 Ranch Drive, Rancho Cucamonga, California, 91737 (the "Rancho Cucamonga Property") to seize items that are evidence, contraband, fruits, or instrumentalities. During the search, agents found and seized various electronic devices, documents, and $98,700 in U.S. currency.

3.    The seizing agency commenced administrative forfeiture proceeds against the seized currency by sending notice to potential claimants of the Government's intent to forfeit pursuant to 18 U.S.C. § 983(a)(1), and caused that notice to be published on an official government internet site, www.forfeiture.gov.

4.    On or about July 11, 2025, Clayton and Elisha Sampson filed a claim contesting the administrative forfeiture of the seized currency.

5.    Under 18 U.S.C. § 983(a)(3), the United States had 90 days from the filing of the claim in the administrative forfeiture proceeding to: (1) return the seized assets, (2) commence a civil judicial forfeiture action against the assets, (3) commence a criminal forfeiture action containing an allegation that the seized assets are subject to forfeiture, or (4) request an extension of time from the court.

6.    The Government pursued the fourth option in that, on October 2, 2025, the court entered an order extending the deadline for commencing a forfeiture action to February 6, 2026. Upon timely applications by the Government for requests to extend the deadline, the court issued the most recent order extending the deadline to March 13, 2026.

2

7. The government has concluded that it will *not* pursue civil forfeiture of the seized currency but instead intends to seek the criminal forfeiture of the currency in the event of convictions in the related criminal matter, to wit:

8. On March 10, 2026, the government obtained an indictment containing notice that the seized currency is subject to forfeiture. *Unites States of America v. Clayton Dean Sampson, and Elisha Sampson* 2:26-cr-00134-AH (CDCA March 10, 2026).

9. Concurrently, defendants Clayton Dean Sampson and Elisha Sampson are seeking a return of property in related litigation under *Clayton Sampson et al. v. United States*, 5:25-cv-03621-SSS-SPx (CDCA Dec. 1, 2025). The government has been returning documents and electronic devices, but litigation has not proceeded to discovery and disposition of the seized $98,700 in U.S. currency. On Friday, March 6, 2026, Judge Sykes conducted a status conference and issued a minute order denying plaintiffs' applications for return of property without prejudice (considering a prior January order to plaintiffs to "properly execute service of process."). *See Sampson v. U.S.* 5:25-cv-03621-SSS-SPx at Dkts. 17 and 33.

10. The seized $98,700 in U.S. currency remains in government custody. Various other documents and electronic devices are in the process of being returned to claimants, and may be subject to criminal discovery obligations under the purview of the lead prosecutor in the criminal case.

11. When the government commences a criminal forfeiture action containing an allegation that certain property is subject to forfeiture, and the government has already seized that property by administrative or civil forfeiture process, the government must "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute." 18 U.S.C. § 983(a)(3)(B)(ii)(II).

12. The applicable criminal forfeiture statute is 21 U.S.C. § 853. Besides authorizing the issuance of criminal restraining orders and seizure warrants to preserve property for forfeiture, see 21 U.S.C. §§ 853(e) & (f), that statute also empowers the

Court to "take any other action to preserve the availability of the property … for forfeiture … ." 21 U.S.C. § 853(e)(1).

13.     Here, the government represents that it has taken the seized currency into custody for the purpose of forfeiture and that it will preserve the seized currency for forfeiture until the criminal case, including criminal forfeiture proceedings, is resolved.

14.     Where the government makes these express representations regarding currency already in its custody, the only type of court order needed to "preserve [the government's] right to maintain custody of the property," for the purposes of Section 983(a)(3)(B)(ii)(II), is an order providing that the government may continue to maintain custody of the seized assets until the criminal case is concluded. *United States v. Scarmazzo*, 2007 WL 587183, at *3 (E.D. Cal. 2007) (holding that, where the government originally seized property for administrative forfeiture, in order to preserve its right to maintain custody of that property for criminal forfeiture consistent with 18 U.S.C. § 983(a)(3)(B)(ii)(II), the government need obtain only an order under 21 U.S.C. § 853(e) directing the government to continue to maintain custody of the property pending resolution of the criminal case); *United States v. Standridge*, 2007 WL 2572207, at *2 (M.D. Fla. 2007) (same); *In Re One 2000 White Mercedes* ML320, 220 F. Supp. 2d 1322, 1325-26 (M.D. Fla. 2001) (same).

//

//

4

WHEREFORE, the United States respectfully requests that this Court issue an order under 21 U.S.C. § 853(e)(1), directing that the United States may maintain custody of the above-referenced seized currency through the conclusion of the pending criminal case and expressly concluding that this order satisfies the custody-preservation requirement of 18 U.S.C. § 983(a)(3)(B)(ii)(II).

Dated: March 12, 2026

Respectfully submitted,

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture & Recovery Section

_/s/ James E. Dochterman_
JAMES E. DOCHTERMAN
Assistant United States Attorney
Asset Forfeiture & Recovery Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

5